IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEVORIUS VIJAY PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-148 |
| | ) | |
| STAN SHEPARD, Warden, and | ) | |
| HOMER BRYSON, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Autry State Prison in Pelham, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Presently before the Court is Plaintiff's motion for a preliminary injunction. (Doc. no. 12.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

**I. BACKGROUND**

Plaintiff commenced the above-captioned case asserting Defendants violated his right to the free exercise of his religion while he was incarcerated at Augusta State Medical Prison ("ASMP"). (See generally doc. no. 11.) Plaintiff alleges that on April 24, 2015, Defendant Shepard ordered CERT officers to take him to the barbershop to cut his hair. (Id. at 2.) Plaintiff asserts he is a practicing Rastafarian, and it is a tenet of the Rastafarian faith to wear dreadlocks and to refrain from cutting one's hair. (Id. at 3-5.) Plaintiff further alleges he

sought a religious exemption request that went unanswered, and Defendants have refused to accept the Rastafarian religion by completely banning Rastafarian exercises and practices. (Id. at 4.) Plaintiff asserts allegations against Defendants from ASMP only, and has not named any defendants from his current place of incarceration, Autry State Prison. However, in his motion for injunctive relief, Plaintiff seeks a court order enjoining the Warden at Autry State Prison, from cutting Plaintiff's dreadlocks. (See doc. no. 14.)

## II. DISCUSSION

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, Plaintiff has not shown a substantial likelihood of success on the merits. The Eleventh Circuit has routinely upheld a prison's hair length regulations in the face of First Amendment and other constitutional or statutory challenges. See e.g., Knight v. Thompson, 797 F.3d 934, 943-47 (11th Cir. 2015) (upholding hair length rule against RLUIPA challenge); Harris v. Chapman, 97 F.3d 499, 504 (11th Cir. 1996) (holding

2

Florida's hair length rule did not violate First Amendment or RFRA); Harris v. Dugger, 757 F.Supp. 1359, 1362 (S.D. Fla. 1991) (granting defendants summary judgment on any free exercise claims). In Harris v. Chapman, a Rastafarian inmate brought a § 1983 action alleging a deprivation of his First Amendment rights when he was removed from his cell, taken to the laundry room, and restrained while his hair was cut by another inmate. 97 F.3d at 502. The Eleventh Circuit held Florida's hair length regulation satisfied the least restrictive means test, and did not violate the inmate's First Amendment rights. Id. Here, because Plaintiff's facts are analogous, he cannot show a substantial likelihood of success on the merits.

Secondly, Plaintiff has not shown that he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Although Plaintiff alleges "soon [sic] or later they will have no choice but to force shave my locks," he has not shown a substantial threat of a real and irreparable injury that is imminent. Plaintiff's concerns are merely speculative given he has been transferred from ASMP to Autry State Prison. Nor can Plaintiff show irreparable harm because of a haircut. Plaintiff can always grow his dreadlocks again if he prevails on his underlying claim of religious entitlement.

Plaintiff also completely fails to address whether the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motion.

In sum, Plaintiff fails to satisfy any of the required elements for the injunctive relief he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**.

SO REPORTED and RECOMMENDED 18th day of April, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA